(110 App. Div. 88)

## SCULLY v. SMITH et al.

(Supreme Court, Appellate Division, Third Department.   December 5, 1905.)

FRAUDS, STATUTE OF—SALE OF GOODS—DELIVERY—WHAT CONSTITUTES.

Where a seller, in a parol contract for the sale of personalty of over $50 in value, merely loaded the property on a car for transportation to the buyer, and prohibited the removal thereof until the same was paid for, there was no delivery, within the statute of frauds.

[Ed. Note.—For cases in point, see vol. 23, Cent. Dig. Frauds, Statute of, §§ 165–167, 170, 171, 174, 175, 177.]

Appeal from Trial Term, Columbia County.

Action by Jeremiah Scully against Joel D. Smith and another.   From a judgment for plaintiff, and from an order denying a motion for a new trial, defendants appeal.   Reversed.

In the fall of 1903 one William Sweet made a verbal agreement with the plaintiff to purchase his crop of rye straw for $20 a ton.   The straw was to be paid for in cash as soon as loaded upon the cars at the Kinderhook depot. The plaintiff was to deliver the straw upon the cars.   Plaintiff loaded two cars of straw with the assistance of said Sweet.   Sweet thereupon went off to get the money to pay therefor, but was unable to procure the full amount which he was required by the contract to pay.   The plaintiff refused to allow the straw to be removed by Sweet until the full amount was paid.   After the cars had been loaded for about a week, the said Sweet having failed to pay therefor, the plaintiff sold the straw to other parties for $17 a ton. This action is brought against the defendant to recover the difference between the price of $20, which was the contract price, and the price which plaintiff finally received for his straw, together with costs of demurrage, etc. The damages are stipulated at $100, if recoverable.   The plaintiff offered evidence to prove, and the jury has found, that Sweet, in the transaction, was acting as agent for the defendants.   From the judgment entered upon the verdict of the jury, and from the order denying the defendants' motion for a new trial, the defendants have appealed.   Further facts appear in the opinion.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and KELLOGG, JJ.

R. W. Brass, for appellants.

Farrar & Becker (A. H. Farrar, of counsel), for respondent.

SMITH, J.   Defendants urge two grounds of exemption from liability:   First, that Sweet was not acting as their agent in the purchase of plaintiff's straw; secondly, that the contract is void under the statute of frauds.   It is unnecessary to discuss the question first raised, because, in our judgment, plaintiff has not proven a sufficient delivery of the straw to meet the requirements of the statute that a sale of personal property of over $50 in value must be evidenced by a writing, unless accompanied by a delivery of some part of the property.   In Shindler v. Houston, 1 N. Y. 261, 49 Am. Dec. 316, the headnote in part reads:

"It seems that to constitute a delivery and acceptance of goods, such as the statute requires, something more than mere words is necessary.   Superadded to the language of the contract there must be some act of the parties, amounting to a transfer of the possession, and an acceptance thereof by the buyer.   The case of cumbrous articles is not an exception to this rule."

At page 269 of 1 N. Y. (49 Am. Dec. 316), the rule is expressed by Wright, J., as follows:

"The best-considered cases hold that there must be a vesting of the possession of the goods in the vendee, as absolute owner, discharged of all lien for the price on the part of the vendor, and an ultimate acceptance and receiving of the property by the vendee, so unequivocal that he shall have precluded himself from taking any objection to the quantum or quality of the goods sold."

In the same case Judge Gardiner refers to the case of Phillips v. Bistolli, 2 B. & C. 511, in which it is said:

"To satisfy the statute there must be a delivery by the vendor, with an intention of vesting the right of possession in the vendee, and there must be an actual acceptance by the latter with the intent of taking possession as owner."

Judge Gardiner then proceeds to say:

"This, I apprehend, is the correct rule, and it is obvious that it can only be satisfied by something done subsequent to the sale unequivocally indicating the mutual intentions of the parties."

See, also, Cooke v. Millard, 5 Lans. 243. In Rodgers v. Phillips, 40 N. Y. 519, it is held that delivery to a carrier, specially designated by the purchaser, where such carrier has no other authority than to transfer the goods, does not satisfy the statute.

The station agent swears that the car into which the straw was loaded was ordered for plaintiff to load straw in for defendants. The plaintiff swears that the car was ordered by Sweet for defendants. This conflict, is, in our judgment, of little materiality. The fact remains undisputed that the possession of the straw was never unequivocally surrendered to Sweet as the agent of the defendants. He was expressly forbidden to remove the straw until it had been paid for. This is sworn to by the plaintiff himself. Within all the authorities such a retention of control is inconsistent with such a complete delivery as is necessary to take the contract out of the condemnation of the statute. The law is not concerned with the reason for a refusal on the part of the defendants to pay for the straw, or of the plaintiff to make complete delivery. With an absolute surrender of possession required to make valid the contract, plaintiff has failed to show an existing obligation on the part of the defendant.

The judgment and order should therefore be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.